IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,     ) | |
| ) | |
|     Plaintiff,    ) | |
| v.    ) | CIVIL ACTION 11-0699-WS-N |
| ) | |
| ONE 2010 ASTON MARTIN,    ) | |
| VIN# SCFFBCCD4AGE12147,    ) | |
| ) | |
|     Defendant.    ) | |

## FINAL ORDER OF FORFEITURE

    This civil forfeiture action comes before the Court on plaintiff's Motion for Order and Judgment of Forfeiture (doc. 15).   For cause shown, the Motion is **granted.**

    On December 8, 2011, a verified complaint for forfeiture *in rem* was filed on behalf of the United States against the defendant vehicle, alleging it to be subject to forfeiture pursuant to 18 U.S.C. §§ 981(a)(1)(A) and 981(a)(1)(C), based on violations of 18 U.S.C. §§ 371 (conspiracy), 1343 (wire fraud) and 1956(a)(1)(A)(i) (money laundering).

    Contemporaneously with the filing of the Complaint, the Government mailed copies of the Complaint, Notice of Forfeiture Action and Warrant for Arrest to a known potential claimant, Timothy Sullivan, addressed to the Estate of Timothy Sullivan (inasmuch as the Government was aware that Sullivan had died on April 18, 2011), at known addresses for Sullivan in California and Florida.   All such mailings were returned to the Government, marked "unclaimed" or bearing illegible U.S. Postal Service markings.   Thereafter, the Government took additional steps to attempt to notify Sullivan's estate, to-wit: the Government endeavored to determine whether an estate had been opened for Sullivan in Florida or California, and whether accompanying probate court filings might identify an executor/executrix to whom notice could be sent at another address.   In that regard, the Government queried a Florida court system database (http://www2.miami-dadeclerk.com/civil/Search.aspx) for any estates in Timothy Sullivan's name in Miami-Dade County.   None was found.   The Government further contacted the Probate Court Clerk's Office in Los Angeles, California, and was advised by an employee of

that office that, upon querying its computer system for records for an estate of Timothy Sullivan in that state, she had found none.

The net result of these efforts is that, to the best of the Government's knowledge after reasonable investigation, no estate has been opened for Sullivan in either California or Florida. Moreover, the Government is aware of no other state in which Sullivan's estate might have been opened.   In any event, even if an estate had been opened for Sullivan, and even if a representative of that estate had filed a claim, such claim would fail for the reasons specified in the Government's Motion.   In particular, that representative would stand in the same legal position as Sullivan, who would have been precluded from establishing an innocent owner defense under 18 U.S.C. § 983(d) because of his status as the wrongdoer who committed the offense giving rise to the forfeiture.   Ultimately, of course, the fact remains that no person filed a claim on behalf of the estate of Timothy Sullivan.

In addition to attempting to notify Sullivan's estate, the Government sent notice to potential claimant, Harry's Auto Collision, Inc., notifying it of its right to file a claim in this Court.   Harry's proceeded to file a timely claim and answer, and has actively participated in this litigation ever since.

The Government published notice of this action on an official government forfeiture internet site (www.forfeiture.gov) for 30 consecutive days beginning on December 23, 2011. Said published notice notified unknown potential claimants that any claim to said currency had to be filed within 60 days of the first date of publication, and that any motion under Rule 12 or answer had to be filed within 21 days of filing the claim.   Accordingly, any claims by unknown potential claimants were due by February 21, 2012, with any Rule 12 motion or answer to follow on or before March 13, 2012.   No claims, motions or answers by unknown potential claimants were filed and the time for filing same has long since expired.

In sum, the Court finds that all identifiable potential claimants have been sent notice, and that all potential claimants have had adequate notice and adequate time in which to file a claim and a motion and/or answer.

On January 13, 2012, the Federal Bureau of Investigation executed the Warrant for Arrest issued by the Clerk of Court, thereby arresting the defendant vehicle and giving this Court *in rem* jurisdiction over defendant.

On October 19, 2012, the Government and Harry's filed a Release and Settlement of All Claims and Stipulation and Consent to Entry of Order of Forfeiture (doc. 14).   Pursuant to the terms of their settlement, the parties agreed that the Court may enter an order and judgment of forfeiture in favor of the Government and against the *in rem* defendant, so that the property may be disposed of by sale to the highest and best bidder.   The parties further agreed that the estimated value of the vehicle is substantially in excess of Harry's claim, which is in the amount of $33,787.65, and that under no circumstances will the vehicle be sold for less than the amount of Harry's claim.   Upon sale of the vehicle and settlement of all outstanding invoices and expenses, the Government agrees to pay Harry's the sum of $33,787.65 via wire transfer payment as soon as practicable, and both sides agree that all proceeds from that sale in excess of the $33,787.65 claim amount will be retained by and forfeited to the Government for disposition according to law.

With no other claims, motions or answers having been filed in opposition to the forfeiture of the *in rem* defendant, and there being no remaining issues joined herein, final disposition of this action is appropriate at this time.

**NOW, THEREFORE**, the Court having considered the matter and having been fully advised in the premises, it is **ORDERED, ADJUDGED, AND DECREED** as follows:

1. This Court has jurisdiction over the subject matter, and the complaint states a claim upon which relief may be granted.

2. In accordance with the Verified Complaint, the defendant vehicle is **ordered** forfeited to the Government, pursuant to 18 U.S.C. §§ 981(a)(1)(A) and 981(a)(1)(C), based on violations of 18 U.S.C. §§ 371 (conspiracy), 1343 (wire fraud) and 1956(a)(1)(A)(i) (money laundering), for disposition according to law. By agreement of the parties, the Government is to sell the vehicle.   All proceeds from such sale exceeding $33,787.65 are **ordered** forfeited to the Government for disposition according to law.

3. In their Settlement Agreement, the parties have agreed that the estimated value of the 2010 Aston Martin well exceeds the amount of Harry's claim, which the parties agree is $33,787.65.   As a result, sale of the vehicle by the U.S. Marshals Service or its contractor will likely result in a net gain after satisfaction of Harry's claim.   The parties agree, and the Court **orders**, that under no circumstances is

the vehicle to be sold for less than the amount of Harry's claim.   The Government agrees and is **ordered** to pay Harry's the sum of **$33,787.65** by wire transfer payment through claimant's attorney, David P. York, Esq., f/b/o Harry's Auto Collision, Inc. d/b/a Harry's Auto Body, as soon as practicable after the sale. However, the parties agree and acknowledge that before payment is made to Harry's the U.S. Marshals Service must pay all outstanding invoices for expenses from the storage and sale of the subject vehicle which contractors have 30 days after a sale to submit.   As a result, the parties further agree, and the Court **orders**, that the Government may take up to 90 days following the sale to pay Harry's, but that the Government will endeavor to make said payment sooner. The parties further agree that if unforeseen circumstances arise which require that payment to Harry's be delayed beyond 90 days after the sale, then the Government is **ordered** to make such payment within an additional 30 days unless otherwise further extended by agreement or court order.

4. The Government and Harry's are to bear their own costs.
5. A separate judgment will enter.
6. This Order and the accompanying Judgment resolving all matters and issues joined in this action, the Clerk of Court is directed to close this file for administrative and statistical purposes.

**DONE and ORDERED** this 22nd day of October, 2012.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE